■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HEIDE, Appellant. [616 NYS2d 309] —Judgment affirmed. Memorandum: Supreme Court properly charged criminally negligent homicide as a lesser included offense of manslaughter in the second degree over defendant's objection *(see, People v Lewis,* 165 AD2d 901, 902, *lv denied* 76 NY2d 1022). The court sustained defendant's objections to improper remarks by the prosecutor on summation, and thus obviated any prejudice to defendant *(see, People v Washington,* 177 AD2d 1041, *lv denied* 79 NY2d 924).

All concur except Doerr, J., who dissents and votes to reverse in the following Memorandum.

Doerr, J. (dissenting). Because I conclude that Supreme Court erroneously submitted to the jury the charge of criminally negligent homicide as a lesser included offense of manslaughter in the second degree over the repeated objection of defendant, I respectfully dissent. The court may submit to the jury a lesser included offense at the request of the People only "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]). Here, defendant testified that he intentionally stabbed the victim in the groin with a knife, intending to hurt him so that he would release his grip on defendant. The victim's brother, an eyewitness, testified for the People that defendant, who was the aggressor, turned to his right with a knife in his hand and "sliced" the victim. Based upon the evidence adduced at trial, defendant was engaged in intentional conduct and there is no reasonable view of the uncontroverted evidence that would support a finding that defendant acted only with criminal negligence *(see, People v Cash,* 81 AD2d 1002; *cf., People v Holliday,* 74 AD2d 993). If defendant rather than the People had requested the charge down to criminally negligent homi-

cide, I submit that the request would have been denied *(see, e.g., People v Massey,* 148 AD2d 943, *lv denied* 74 NY2d 743; *People v Johnson,* 110 AD2d 1057; *People v Wright,* 105 AD2d 1088).* Finally, the People argue that evidence that defendant had been drinking prior to the incident would support a conclusion that defendant failed to perceive the risk inherent in his act. I disagree. "[A] person who is unaware of the risk he has created because of voluntary intoxication is considered to have acted recklessly, not negligently" *(People v Barclift,* 140 AD2d 615, 616). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminally Negligent Homicide.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.