OPINION OF THE COURT
Bellacosa, J.
The People appeal from an order of the Appellate Division that reversed, on the law, a judgment of Westchester County Court. Defendant was convicted after a jury trial of murder in *629 the second degree and criminal possession of a weapon in the third degree. The Appellate Division ordered a new trial because, in its view, the trial court committed reversible error by refusing defendant’s request to instruct the jury on the lesser-included crime of manslaughter in the first degree. This holding was reasoned to be required because the trial court gave an instruction at defendant’s request on the possible effect of intoxication on his culpable mental state. The dissenting Justice at the Appellate Division granted the People leave to appeal. The People urge that no instructional error as to manslaughter in the first or second degrees was committed. Defendant argues that he is entitled to affirmance either because the Appellate Division majority was correct or, in the alternative, because the trial court erred additionally in denying his request to instruct further down to manslaughter in the second degree. We reverse and remit for further proceedings at the Appellate Division.
L
During the night of April 20, 1990, the homicide victim Anderson was socializing with some friends in her Yonkers apartment building. She decided to visit her cousin, a taxi dispatcher, at his company’s office. She went there and, at approximately 2:00 a.m., she met her cousin and defendant Butler. The trio talked, drank beer, smoked marijuana, and inhaled cocaine for several hours. At approximately 4:45 a.m., the taxi dispatcher called an end to the "party” and offered defendant and decedent a taxi ride. The latter two were described as being engaged in friendly conversation during the taxi ride as they next proceeded to decedent’s apartment at about 5:00 a.m. Decedent was last seen alive at 6:00 a.m. Neighbors discovered decedent lying semiconscious on the floor just outside her apartment, covered with blood, at approximately 7:00 a.m. She died in the hospital emergency room from three head contusions and 34 kitchen knife stab wounds, of which nine were fatal.
The police investigated, arrested and charged defendant in the killing. He was tried before a jury and requested jury instructions on intoxication and lesser-included homicide levels of manslaughter in the first degree and second degrees. The trial court gave the intoxication instruction, but refused the request with respect to the lesser-included offenses. The court reasoned that based on the brutality and ferocity of the *630 attack, no reasonable view of the evidence could support either lesser manslaughter count (CPL 300.50; see, Penal Law §§ 125.20,125.15).
The jury’s conviction was overturned by the Appellate Division, on the law (196 AD2d 659). It ordered a new trial solely for the reason that the trial court should have given only the lesser-included offense instruction for manslaughter in the first degree.
IL
At the outset, the correctness of the intoxication instruction is not before us. For purposes of the dispositive analysis of the instructional issue involving the lesser-included manslaughter offenses, the intoxication instruction, although based on a thin evidentiary predicate, is deemed warranted in this case (see, People v Perry, 61 NY2d 849, 850, citing People v Orr, 43 AD2d 836, affd 35 NY2d 829; People v Farnsworth, 65 NY2d 734, 735; see also, People v Gaines, 83 NY2d 925, 927; People v Rodriguez, 76 NY2d 918, 920; Penal Law § 15.25). The intoxication instructional ruling sets the stage for the customary appellate review of the lesser-included instructional issues, as presented respectively by each side before us.
Contrary to defendant’s assertions, the Appellate Division’s rationale, and the discrete instructional trial court error propounded by Judge Levine, we conclude that a trial court’s decision to give a defendant an intoxication instruction does not mechanically trigger a corresponding obligation for the trial court to give defendant complementary lesser-included offenses instructions within the homicide classification. The two species of instructions — Penal Law § 15.25 (intoxication) and CPL 300.50 (charging lesser-included offense) — may often be intertwined, but they are distinct and not inexorably and inextricably linked for trial instructional rubrics or for appellate review evaluation. Independent consideration of the complex variety of factual and evidentiary situations facing trial courts should control their rulings and our review. That has been the guiding lesson of our precedents in this area. In other words, the evidence of the particular case, not pure or abstract logic, governs.
Thus, the holding in this case realistically respects the view that in a great many cases in which an intoxication instruction may be warranted and is given, some corresponding lesser-included offense instruction might be necessitated. The *631 rulings, however, must be based on the appraisal of the particular evidence and the possibly reduced scale and difference of culpable mental states. This exceptional case does not fit that generality. Moreover, to create a logical imperative out of this case would clash with the individualized evidentiary assessment principles that are at the heart of this Court’s lesser-included offense instructional development and jurisprudence.
Ill
The textual guide on lesser-included offense instructions is found in CPL 300.50:
"1. In submitting a count of an indictment to the jury, the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense * * *
"2. If the court is authorized by subdivision one to submit a lesser included offense and is requested by either party to do so, it must do so.”
Despite a defendant’s request, a lesser-included offense cannot be submitted to the jury unless two requirements are met. The lesser and the greater offenses must be analyzed in such a manner that it would be impossible to commit the greater offense without, at the same time, committing the lesser offense. A reasonable view of the evidence must also support defendant’s guilt on the lesser offense, but not on the greater offense (People v Cabassa, 79 NY2d 722, 728, cert denied sub nom. Lind v New York, — US —, 113 S Ct 633; People v Glover, 57 NY2d 61, 63; People v Green, 56 NY2d 427, 430; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 300.50, at 659). "If the record demonstrates * * * some * * * rational basis on which the jury might reasonably discredit the proof which would establish defendant’s commission of the greater crime, yet accept that of guilt of the lesser, then the statute compels submission of the lesser offense if requested” (People v Scarborough, 49 *632 NY2d 364, 371). On the other hand, when an instruction on a lesser-included offense would direct the jury " 'to resort to sheer speculation,’ ” it should not be given (id., at 371, quoting People v Discala, 45 NY2d 38, 43; see also, People v Aviles, 80 NY2d 997, 997-998; see also, People v Green, supra, at 432-433).
The trial court, therefore, has the responsibility — usually in tandem but occasionally independent of its intoxication evidence and instruction assessment — to make a thorough and careful evidentiary assessment in the first instance to determine whether the evidence may reasonably support defendant’s guilt on the lesser, but not the greater, offense (People v Cabassa, supra, at 728). Then-Judge Fuld cautioned in a seminal case that "a court should avoid doing anything, such as submitting lower crimes in an inappropriate case, that would constitute an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict. Or, to express the matter in somewhat different terms, the jury’s power to dispense mercy, by favoring the defendant despite the evidence, should not be allowed so to dominate the trial proceedings as to impede or interfere with the jury’s primary fact-finding function” (People v Mussenden, 308 NY 558, 563).
We are unpersuaded that, generally and especially not in this case, an arguable intoxication instruction inexorably binds the trial court to instruct automatically on lesser-in-eluded manslaughter offenses, irrespective of particularized evidentiary evaluation. Intent to kill and intent to injure seriously have been said to require the same cognitive abilities (see, Commentary to Criminal Jury Instructions, 1 CJI[NY] 9.45, at 516). Taking this view, an intoxication instruction on a second degree murder charge does not compel an instruction down to manslaughter in the first degree (see, Penal Law § 125.20). The Court unanimously coalesces on that aspect and concludes that the Appellate Division erred in ordering a new trial on that theory. Even were the intent element for intentional manslaughter — intent to seriously physically injure— viewed as one of the " 'fine gradations along * * * [the] single spectrum of culpability’ ” (see, People v Green, 56 NY2d 427, 432, supra), an instruction on intoxication should not dictate a per se lesser-included offense rule devoid of any evidentiary assessment.
Likewise, an intoxication instruction on murder second *633 degree should not compel a trial court to act, in essence and as it were, in a vacuum, and, irrespective of the evidentiary facts, thus allow the jury to decide that a defendant acted recklessly (see, Penal Law § 125.15; see also, People v Mussenden, 308 NY, at 563, supra). To propose, as the dissenting opinion does, that this jury — assuming it was ready to acquit defendant of intentional murder — could find this defendant guilty of reckless manslaughter in the second degree, but not be allowed ever to consider intentional manslaughter in the first degree would create its own anomaly. Simply put, an arguable intoxication instruction should not trigger an abstract and absolute command that defies or contradicts the rational and common sense view of the particular evidence as to either lesser manslaughter offense under the circumstances of this case, as further explained below.
IV.
Procedure, policy, practicalities and sound statutory interpretation and harmonization support reversal in favor of the People’s appeal in this case. We recognize the procedural conundrum that the intoxication instruction may sometimes logically engender. It is not incumbent on this Court, however, in these circumstances, to join two distinct, though related, instructional species into an indissoluble union.
The court’s thorough set of instructions to the jury included this unequivocal, easily understood choice:
"The question is one of degree and it is for you to decide whether the defendant was so intoxicated as to be unable to form the required intent. I will explain later the intent relative to each of the crimes charged.
"Remember, however, that since the People bear the burden of establishing that the defendant acted with the requisite intent you must find the defendant not guilty of a particular crime because of the evidence of intoxication [if] they were unable to prove that the defendant acted with the required intent”.
Thus, if the intoxication feature — emphasizing the Penal Law dictate that intoxication is neither a defense nor affirmative defense — were believed and credited, the jury would have been obligated to acquit defendant on the only indictment count before it — murder in the second degree.
*634 As we learn from the development of the "any view of the evidence” rule in People v Mussenden (308 NY 558, supra) into the CPL "reasonable view” modality, this area of the law is instinct with evidentiary particularity, not pure inflexible logic (cf., 5 Zett, New York Criminal Practice |f 32.3 [4], at 32-62 [stating that " '(i)t is the policy of the law to allow juries a latitude which is not hemmed in by absolute logic,’ ” quoting People v Clemente, 285 App Div 258, 264]). A per se lesser-included offense rule would (1) encourage compromise verdicts where the evidence does not warrant them; (2) counter the traditional, well-established jurisprudential rubrics rooted, statutorily and precedentially, in the reasonable view of the evidence governing a jury’s consideration of potential lesser criminal culpability; and (3) alter, by constricting, the customary appellate review of instructional claims in this field of law.
The People in this case rely heavily on the nature and brutality of the slaying to support the argument that defendant’s actions belie his having formed anything other than intent to kill, irrespective of the arguable intoxication palliative offered to the jury. Reciting the severity of the numerous wounds, nine of which were individually fatal, the People assert that defendant could have acted neither recklessly nor with intent merely to seriously injure (see, e.g., People v Tai, 39 NY2d 894, 895; People v Asan, 22 NY2d 526, 530-531; People v Sanducci, 195 NY 361, 367-368; People v Totterman, 181 NY 385, 388-389; People v Moore, 192 AD2d 560, 561, lv denied 81 NY2d 1077; People v Ochoa, 142 AD2d 741, 741-742, lv denied 72 NY2d 1048; People v Bell, 111 AD2d 926, 927; People v Weems, 105 AD2d 763). We agree that in a case such as this one, no lesser-included offense instruction on either serious injury manslaughter intent or reckless manslaughter was warranted or compelled. The crime was intentional murder in the second degree or nothing, under the law and under the explicit instructions that were given.
In the end, the burden remains always on the People to establish beyond a reasonable doubt that defendant, despite the possible effect of the arguable intoxication evidence, was capable of and did form the necessary intent to kill. The jury did so find. Had it acquitted defendant, under the precise and thorough and correct instructions given, it would be attributable to a failure of the People to satisfy their burden of proof on intentional murder, not that defendant in these circumstances was realistically guilty of some lesser degree of vicious *635 homicide. Applying policy considerations and an evidentiaryrooted appellate analysis, we conclude that the evidence in this case supports the trial court’s ruling to reject the request for both manslaughter lesser-included offenses.
Accordingly, the order of the Appellate Division should be reversed and the case remitted to the Appellate Division for further proceedings in accordance with CPL 470.25 (2) (d) and 470.40 (2) (b).