■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY HADE, Appellant. [682 NYS2d 468] —Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 10, 1997, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and insurance fraud in the third degree (two counts).

In 1992, defendant worked for the Friar Tuck Inn in Greene County. This employment continued through 1996, with the exception of a six-week period in late 1993. In May 1993, defendant also worked for the Raleigh Hotel in Sullivan County but, due to serious injuries incurred as a result of an automobile accident in October of that same year, he discontinued his services there. Hence, during part of 1993, he worked for both hotels simultaneously.

In November 1993, defendant made a no-fault insurance claim for lost wages through his automobile insurance carrier wherein he affirmed that he was not employed when he filed the claim. By letter dated May 31, 1995 to his carrier, he again represented that he had not worked in any capacity in the last year, in the last six months or in the last three months. A subsequent investigation revealed, however, that he had worked for the Friar Tuck Inn on the dates noted. Based upon these material misrepresentations, the carrier provided him with over $34,000 in benefits. As a result, he was indicted, charged and convicted of one count of grand larceny in the third degree and two counts of insurance fraud in the third degree. Upon this appeal from the jury verdict, he contends that the evidence was legally insufficient, that the People failed to show the materiality of any misrepresentations which may have been made by him (see, Penal Law § 176.05) or that he wrongfully obtained property valued in excess of $3,000 (see, Penal Law § 176.20).

Viewing the evidence, as we must, in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 413; *People v Allah*, 71 NY2d 830, 831; *People v Contes*, 60 NY2d 620, 621), we find the record evidence legally sufficient to support the verdict and further conclude that it was not against the weight of the evidence (*see, People v Carey*, 241 AD2d 748, 750, *lv denied* 90 NY2d 1010). As the trier of fact cannot be found to have failed to give the evidence the weight it should have been accorded, there exists no basis upon which we would set aside the verdict (*see, People v Bleakley*, 69 NY2d 490, *lv denied* 72 NY2d 856). The testimonial and documentary evidence established that defendant represented that he had not worked during the relevant period and, as a result, received over $34,000 in benefits for lost wages. In our view, this constitutes legally sufficient evidence to support the jury's conclusion that he committed the crime of insurance fraud in the third degree by wrongfully taking property in excess of $3,000 (Penal Law § 176.20) as well as that of grand larceny in the third degree in that he stole property in excess of $3,000 (Penal Law § 155.35).

We further find no error in the denial of his request for a charge on the lesser included offense of insurance fraud in the fourth and fifth degrees and petit larceny (*see*, Penal Law §§ 176.15, 176.10, 155.25). A lesser included offense charge must be grounded upon a two-pronged showing by defendant that it is impossible to commit the greater crime without simultaneously committing the lesser (*see, People v Van Norstrand*, 85 NY2d 131; *People v Butler*, 84 NY2d 627; *People v Glover*, 57 NY2d 61) and that there is a "reasonable view of the evidence * * * that would support a finding that he [or she] committed the lesser offense but not the greater" (*People v Glover, supra*, at 63; *see, People v Van Norstrand, supra*, at 135; *People v Butler, supra*, at 631). With the failure to make the requisite showing as to the second prong of such test, the County Court was prohibited from submitting the lesser offense charge to the jury (*see*, CPL 300.50). By such determination, it forestalled " 'an invitation to the jury to foreswear its duty and return a compromise or otherwise unwarranted verdict' " (*People v Butler, supra*, at 632, quoting *People v Mussenden*, 308 NY 558, 563).

Finally, we conclude that defendant was properly precluded from introducing habit and custom evidence in the form of testimony from a hotline operator for the State Insurance Department regarding the subject matter of "dual compensation" since defendant did not intend to proffer any evidence that he made such a phone call. Finding a failure to lay a

proper foundation, the offer was properly precluded (*see, Soltis v State of New York*, 188 AD2d 201).

Considering defendant's remaining contentions and finding them lacking in merit, we affirm the judgment of conviction.

Mercure, J. P., White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.