■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RIVERA, Appellant. [767 NYS2d 881]—

Appeal by the defendant from the judgment of the Supreme Court, Kings County (Lott, J.), rendered June 4, 2001, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly refused to instruct the jury with respect to manslaughter in the first and second degrees as lesser-included offenses of intentional murder (*see* CPL 300.50; *People v Butler,* 84 NY2d 627 [1994]). Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offenses but not the greater, given the number of shots fired by the defendant at close range into the victim's vital organs as the victim tried to escape (*see People v Butler, supra; People v Ev-*

*ans,* 192 AD2d 671 [1993]; *People v Rielly,* 190 AD2d 695 [1993]). The defendant's claim that he was intoxicated and therefore was entitled to a charge of manslaughter in the second degree as a lesser-included offense of intentional murder is improperly raised for the first time on appeal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 25 [1995]; *People v Johnston,* 166 AD2d 667 [1990]). In any event, the evidence, viewed most favorably to the defendant, did not support the defendant's contention that his alcohol consumption affected his mental capacity to commit intentional murder (*see People v Butler, supra* at 632-633; *cf. People v Gaines,* 83 NY2d 925, 926 [1994]; *People v Rodriguez,* 76 NY2d 918, 920-921 [1990]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Smith, J.P., McGinity, Luciano and Townes, JJ., concur.