■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND TAPPER, Appellant. [883 NYS2d 250]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 21, 2005, convicting him of criminal possession of a weapon in the third degree and unlawful wearing of a body vest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly granted the People's reverse-*Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Luciano*, 10 NY3d

499, 502-503 [2008]). The trial court's determination that the proffered reason for challenging the juror in question, that she had previously served on a jury, was pretextual, is entitled to great deference and is supported by the record (*see People v Quito,* 43 AD3d 411, 412-413 [2007]; *People v Richie,* 217 AD2d 84, 89 [1995]).

The trial court providently exercised its discretion in denying the defendant's challenge for cause to a potential juror (*see People v Franklin,* 7 AD3d 966, 967 [2004]). Even if a prima facie showing of actual bias had been made (*see People v Torpey,* 63 NY2d 361, 367 [1984]), her unequivocal answers demonstrated that she could be fair and impartial (*see People v Chambers,* 97 NY2d 417, 419 [2002]; *People v Johnson,* 278 AD2d 245 [2000]).

The defendant's contention that the prosecutor violated the unsworn witness rule during the prosecutor's cross-examination of him and during summation is unpreserved for appellate review and, in any event, is without merit (*see People v Paperno,* 54 NY2d 294, 302 [1981]; *People v Rivera,* 27 AD3d 491, 492 [2006]; *People v Blackwood,* 295 AD2d 292, 293 [2002]).

The defendant's challenge to certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see People v Hollenquest,* 48 AD3d 592, 593 [2008]). In any event, the remarks either were fair comment, were within the permissible bounds of rhetorical comment, or do not warrant reversal (*see People v Galloway,* 54 NY2d 396, 401 [1981]; *People v Wright,* 40 AD3d 1021 [2007]; *People v Heide,* 206 AD2d 875 [1994], *affd* 84 NY2d 943 [1994]).

On this record, we cannot conclude that the defendant was denied effective assistance of counsel (*see Strickland v Washington,* 466 US 668 [1984]; *People v Steele,* 135 AD2d 673 [1987]). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.