■ The People of the State of New York, Respondent, v Yusef N. Bey, Appellant. [898 NYS2d 189]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 3, 2008, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Cartwright,* 61 AD3d 695 [2009]; *People v Sayles,* 57 AD3d 698 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court properly refused to instruct the jury with respect to manslaughter in the first degree as a lesser-included offense of intentional murder (*see* CPL 300.50; *People v Butler,* 84 NY2d 627 [1994]). Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater (*see People v Alexis,* 65 AD3d 1160 [2009]; *People v Rivera,* 2 AD3d 542 [2003]; *People v Collins,* 290 AD2d 457, 458 [2002]).

The defendant's contention that the prosecutor violated the unsworn witness rule while questioning the rebuttal witness and during summation is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v*

*Tapper*, 64 AD3d 620, 621 [2009]; *People v Ferguson*, 15 AD3d 675, 676 [2005]). Furthermore, the defendant's contention that various comments made by the prosecutor during his summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general one-word objections (*see* CPL 470.05 [2]; *People v Clarke*, 65 AD3d 1055, 1056 [2009]; *People v Philbert*, 60 AD3d 698, 699 [2009]). In any event, most of the challenged remarks in the prosecutor's summation constituted fair comment on the evidence or were responsive to the arguments presented in defense counsel's summation (*see People v Clarke*, 65 AD3d 1055, 1056 [2009]; *People v Philbert*, 60 AD3d at 699). To the extent that some of the remarks were improper, they did not warrant reversal (*see People v Tapper*, 64 AD3d at 621; *People v Philbert*, 60 AD3d at 699).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.