THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREENE, Appellant. [928 NYS2d 74]—

Contrary to the defendant's contention, the second photographic array was not unduly suggestive. "Two separate showings of a suspect's picture in successive photographic arrays are not per se impermissibly suggestive," particularly where, as here, a different photograph of the defendant was used and his photograph was placed in different locations in the successive arrays (*People v Dunlap*, 9 AD3d 434, 435 [2004]). Moreover, the fillers in the second photo array were similar enough to the defendant in age and general appearance that there was little likelihood he would be singled out for identification based on particular characteristics (*see People v Avent*, 29 AD3d 601 [2006]; *People v Wright*, 297 AD2d 391 [2002]; *People v Rivera*, 265 AD2d 509 [1999]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

The trial court properly refused to instruct the jury with respect to manslaughter in the second degree as a lesser-included offense of intentional murder (*see* CPL 300.50; *People v Bey*, 71 AD3d 1156 [2010]). Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater (*see People v Bey*, 71 AD3d at 1156; *People v Rivera*, 2 AD3d 542, 543 [2003]; *People v Jackson*, 202 AD2d 518, 519 [1994]).

The trial court's response to the jury's note asking for a fuller explanation of the element of intent was meaningful and proper (*see People v Steinberg*, 79 NY2d 673, 684 [1992]). Additionally,

552

a missing witness charge was not warranted in light of the witness's lack of cooperation with law enforcement officials and refusal to testify or effectively communicate with the prosecution or police (*see People v Bryant*, 11 AD3d 630, 631 [2004]; *People v Porter*, 268 AD2d 538 [2000]). The defendant's contention that he was deprived of a fair trial by the trial court's comments, made upon ruling on the People's objections to two of defense counsel's summation remarks, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *cf. People v Salnave*, 41 AD3d 872, 874 [2007]) and, in any event, is without merit.

The defendant's remaining contentions are without merit. Rivera, J.P., Covello, Florio and Lott, JJ., concur.