■ The People of the State of New York, Respondent, v L'Mani Delima, Appellant. [8 NYS3d 122]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered June 25, 2008, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a juvenile offender, to a term of nine years to life, unanimously affirmed.

The court properly declined to submit manslaughter in the first and second degrees as lesser included offenses. There was no reasonable view of the evidence, viewed most favorably to defendant, that he acted with anything less than homicidal intent, given that he emptied a revolver into the victim, striking him five times, and that the events leading up to the shooting manifested a plan to kill the victim in order to avenge an assault on defendant's companion (*see People v Butler*, 84 NY2d 627 [1994]). Notwithstanding the "principle of deference to the jury on questions of mens rea" (*People v Fernandez*, 64 AD3d 307, 310 [2009], *appeal withdrawn* 13 NY3d 796 [2009]), and the cognitive differences between adults and juveniles, the jury would have had no basis, other than speculation, for concluding that the above-described conduct was merely reckless or was only intended to cause serious physical injury.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court properly permitted cross-examination about the underlying facts of a juvenile delinquency adjudication (*see People v Greer*, 42 NY2d 170, 176 [1977]). Any prejudicial effect was outweighed by the probative value of these acts on the issue of credibility, and that value was not negated by defendant's age at the time of the incident.

Defendant's challenges to the People's summation are

unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). We have considered and rejected defendant's claim that his counsel rendered ineffective assistance by failing to make objections to the summation (*see People v Cass*, 18 NY3d 553, 564 [2012]).

We perceive no basis for reducing the sentence. Defendant's request for removal of the proceeding to Family Court is both belated and without merit. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.