People v Chmielewski (2022 NY Slip Op 00633)





People v Chmielewski


2022 NY Slip Op 00633


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Ind. No. 1807/14 Appeal No. 15187 Case No. 2017-1816 

[*1]The People of the State of New York, Respondent,
v
Maria Chmielewski, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered March 10, 2016, convicting defendant, after a jury trial, of grand larceny in the second degree and insurance fraud in the second degree, and sentencing her to concurrent terms of six months, concurrent with five years' probation, and restitution in the amount of $192,227.93, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348B349 [2007]). The evidence satisfied all of the elements, including materiality, of both of the crimes of which defendant was convicted. The record supports conclusions that in her initial and later forms seeking federal workers' compensation benefits, defendant knowingly made various material misrepresentations of fact, particularly with regard to the facts of an alleged work-related incident that purportedly triggered disabling psychiatric illness, and with regard to her claimed symptoms; that she was not actually entitled to any workers' compensation; and that she unlawfully received more than $50,000 in benefits as the result of her misrepresentations (see People v Hart, 100 NY2d 550, 551 [2003]; People v Hade, 255 AD2d 768, 769 [3d Dept 1998], lv denied 93 NY2d 971 [1999]).
Defendant's challenges to the court's jury charge are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that any errors in the court's charge do not, standing alone or together, warrant reversal, and that the charge as a whole conveyed the appropriate principles (see People v Cubino, 88 NY2d 998, 1000 [1996]). We note that "[t]his Court has repeatedly expressed its disapproval of the 'two-inference' charge" (People v Johnson, 11 AD3d 224, 224 [1st Dept 2004], lv denied 4 NY3d 745 [2004]). Here, however, the court otherwise correctly instructed the jury that the People must prove defendant guilty beyond a reasonable doubt, and correctly defined the concept. The court's instruction not to speculate on matters not in evidence was proper. The court's interested witness charge did not single out any witness, and the fact that defendant's husband was logically the only potentially interested witness did not mean that the court should not have given the charge. To the extent there was any confusing language in this instruction, it does not warrant reversal.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing [*2]record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Defendant's contention that the court erred in imposing restitution without a hearing on her ability to pay is similarly unpreserved (see People v Jones, 113 AD3d 635, 635 [2d Dept 2014], lv denied 22 NY3d 1157 [2014]; People v Dillon, 90 AD3d 1468, 1468-1469 [4th Dept 2011], lv denied 19 NY3d 1025 [2012]). In the alternative, we find that the court's assessment of restitution was supported by the trial record, which included evidence regarding defendant's income, work history, and professional training. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: February 1, 2022