■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUNSON HUNTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered October 29, 1986, convicting him of manslaughter in the first degree (two counts), and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705), there is no reasonable view of the evidence that would support a finding that he acted recklessly when he shot three women, two of them fatally. Therefore, the trial court properly denied the defendant's request to submit to the jury for its consideration the charge of manslaughter in the second degree as a lesser included offense of murder in the second degree *(see, People v Searles,* 131 AD2d 894, *lv denied* 70 NY2d 755).

The defendant further contends that the trial court improperly failed to charge the jury concerning the affirmative defense of extreme emotional disturbance with respect to the count charging attempted murder in the second degree. However, the defendant did not request this charge and failed to subsequently object to the jury charge. Therefore, this claim has not been preserved for appellate review *(see,* CPL 470.05 [2]), and we decline to exercise our interest of justice jurisdiction with respect thereto. Moreover, since the defendant did not request that the trial court submit to the jury the charge of attempted manslaughter in the first degree as a lesser included offense of attempted murder in the second degree *(see, People v Tabarez,* 113 AD2d 461, *affd* 69 NY2d 663), "the

court's failure to submit such offense does not constitute error" (CPL 300.50 [2]).

The sentence imposed was well within statutory limits and does not warrant modification *(see, People v Suitte,* 90 AD2d 80, 86). Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.