■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES POUNDS, Appellant. [633 NYS2d 1022] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of attempted criminal possession of a forged

instrument in the second degree, defendant contends that the suppression court erred in refusing to suppress evidence obtained by the police from Bell's Supermarket. Specifically, defendant challenges the suppression court's reliance on the inevitable discovery exception to the exclusionary rule. We reject defendant's challenge. The People established "a very high degree of probability that the evidence in question would have been obtained independently of the tainted source" *(People v Payton,* 45 NY2d 300, 313, *revd on other grounds* 445 US 573, *on remand* 51 NY2d 169; *see, People v Fitzpatrick,* 32 NY2d 499, 506, *cert denied* 414 US 1033, 1050; *People v Watson,* 188 AD2d 501). Moreover, the challenged evidence "was not evidence illegally obtained during or as the immediate consequence of the challenged police conduct" *(People v Stith,* 69 NY2d 313, 318). Rather, it was "evidence obtained indirectly as a result of leads or information gained from [the] primary evidence" *(People v Stith, supra,* at 318). Thus, the record supports the suppression court's application of the inevitable discovery exception to the challenged evidence. (Appeal from Judgment of Wayne County Court, Parenti, J.—Attempted Criminal Possession Forged Instrument, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.