OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed, without prejudice to an application by the People for leave to resubmit.
In this prosecution for second degree murder, the trial court erred in submitting the affirmative defense of extreme emotional disturbance over objection by the defense. As we held in People v DeGina (72 NY2d 768, 776), "a defendant * * * has the right to chart his own defense.” That right is infringed when an affirmative defense is submitted over defense objection and the defendant is thereby prejudiced (id., at 776-777).
*903 Here, defendant asserted the defense of not responsible by reason of a mental disease or defect (see, Penal Law former § 30.05 [now Penal Law § 40.15, an affirmative defense]). The specific defense theory was that defendant suffered from a progressive mental illness which had worsened in the months preceding the shooting. Defendant took the position that by the time of the shooting his condition had deteriorated to the point where his paranoid thought processes prevented him from appreciating the moral and legal import of his actions. This position was plainly incompatible with the affirmative defense of extreme emotional disturbance, which on these facts would have necessarily involved a temporary loss of control by a person who was otherwise capable of appreciating the nature and consequences of his actions.
At the close of the proof, the prosecutor asked the court to submit first degree manslaughter, as intentional homicide while acting under the influence of extreme emotional disturbance. Over defense objection the court responded by advising the jury that it should find defendant guilty of manslaughter in the first degree rather than second degree murder if it found that he was legally sane and intentionally caused the death of another, but that he did so while acting under the influence of extreme emotional disturbance, and that this affirmative defense must be established by a preponderance of the evidence (see, Penal Law § 125.25 [1] [a]). The jury found defendant guilty of first degree manslaughter and a divided Appellate Division affirmed the conviction (211 AD2d 388). A dissenting Justice of that Court granted leave to appeal to this Court.
In People v DeGina (72 NY2d 768, supra), a narcotics-sale prosecution, the defendant was prejudiced in part because the affirmative defense that the court introduced — the entrapment defense — was inconsistent with the defense’s position — that the defendant had not, in fact, sold any drugs. As the Court noted in DeGina, the interposition of inconsistent defenses is "a hazardous tactic” because it creates a risk of juror confusion and "may well taint a defendant’s credibility in the eyes of the jury” (id., at 777). Such a strategic risk is not one that the court may foist on an unwilling defendant (id.). Moreover, when the defensive theory that the court interjects constitutes an affirmative defense there is an increased danger of prejudice because of the resulting shift in the burden of proof from the prosecution to the defense and the attendant risk that the jury will believe that the defendant has assumed a burden beyond the defense.
*904 Although defendant was entitled to present inconsistent defenses (see, People v Padgett, 60 NY2d 142, 146; People v Steele, 26 NY2d 526, 529), the risk attendant upon such a choice should not have been foisted on him against his will (see, People v DeGina, supra). The imposition of an affirmative burden of proof over defense objection and the involuntary undermining of the defendant’s chosen defense strategy resulted in serious prejudice that requires reversal in this case.
Because defendant was convicted of the lesser included offense of first degree manslaughter, the dismissal is without prejudice to an application by the People to resubmit that crime to a new Grand Jury (People v Mayo, 48 NY2d 245).
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
Order reversed, etc.