■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GACHELIN, Appellant. [654 NYS2d 393] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered April 21, 1995, convicting him of assault in the first degree and assault in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions for assault in the first degree and two counts of assault in the second degree under renumbered counts three, five, and six of the indictment, respectively, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on those counts of the indictment.

The defendant, by renumbered counts three, five, and six of a Grand Jury indictment, was charged with one count of assault in the first degree and two counts of assault in the second degree, respectively. The theory of the indictment as to these counts was that the defendant attacked two persons with an ax. At trial, the People presented proof, including the testimony of the two victims, in support of this theory. The defendant testified in his own behalf and, although admitting to a fight with the two victims, denied that he wielded an ax or any other weapon. An ax was not recovered at the scene. During summation, defense counsel argued that the physical evidence was inconsistent with an attack with an ax and suggested that the wounds of one of the victims might have been sustained during the struggle as a result, inter alia, of broken glass. The jury was originally charged pursuant to the theory of the indictment and in conformity with the evidence presented by the People at trial. However, during deliberations, the jury inquired, inter alia, whether they could still find the defendant guilty of the assault charges if they did not believe that "there

was an ax". The court, over objection by the defense, responded that the jury could find the defendant guilty of the assault if they found: "1, an intent to cause physical injury; and 2, that it caused physical injury; and 3, that it is by means of a dangerous instrument. Although you need not find that it was an ax, as long as you find that some dangerous instrumentality was used". The jury found the defendant guilty on all three of the subject counts. We now reverse the defendant's convictions under these counts and remit the matter for a new trial as to these three counts.

Indictment by Grand Jury serves three important functions: (1) it provides a defendant with fair notice of the charges so that he or she will be able to prepare a defense; (2) it prevents the People from usurping the powers of the Grand Jury by ensuring that the defendant is tried for the crime for which he or she was indicted; and (3) it prevents retrials for the same offense in violation of the constitutional prohibition against double jeopardy (*see, People v Grega*, 72 NY2d 489; *People v Spann*, 56 NY2d 469). A variance between the facts proved at trial and the facts set forth in the indictment, or between the theory pursuant to which the jury is charged and the theory of the indictment, implicates the first two of these considerations (*see, People v Grega, supra*, at 496). Here, the variance between the theory of the indictment, the proof at trial, and the supplemental jury charge deprived the defendant of fair notice of the charges upon which he was to be tried and was prejudicial. The sole evidence presented at trial that the defendant used either a "deadly weapon" or a "dangerous instrument", a required element of each of the assault charges at issue (*see*, Penal Law § 120.05 [2]; § 120.10 [1]), was the evidence concerning the ax. The court's supplemental jury instruction, given after the close of proof and the presentation of summations, and after the jury had expressed apparent doubts concerning the presence of an ax at the scene, invited unreviewable speculation by the jury as to what might have constituted a deadly weapon or a dangerous instrument without requiring either proof of such an element by the People or permitting challenge by the defense (*see, People v Greene*, 75 NY2d 875; *People v Grega, supra; People v Fata*, 184 AD2d 206; *People v Powell*, 153 AD2d 54; Penal Law § 10.00 [12], [13]). Contrary to the People's contentions on appeal, the allegations concerning the ax were not merely extraneous (*see, People v Grega, supra*). Although not controlling, we note that the defendant was acquitted of the charge of criminal possession of a weapon in the fourth degree arising from his alleged possession of the ax. Indeed, other inquiries from the jury suggested that they might

have believed that the defendant's hands constituted a deadly weapon or dangerous instrument, which would not be the case absent special circumstances (see, People v Austin, 131 AD2d 490). Accordingly, a new trial is required as to renumbered counts three, five, and six.

There is no merit to the defendant's contention regarding his conviction under renumbered count four of the indictment for assault in the second degree pursuant to Penal Law § 120.05 (1). That count was not premised upon the defendant's use of an ax or any other instrumentality and, therefore, is affirmed. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.