■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARVIN L. BROWN, Appellant. [688 NYS2d 861] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of murder in the second degree (Penal Law § 125.25 [1]), grand larceny in the third degree (Penal Law § 155.35) and six counts of grand larceny in the fourth degree (Penal Law § 155.30 [4], [8]). We conclude that the evidence is legally sufficient to support the conviction and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

County Court properly denied defendant's motion to suppress the murder weapon. The People proved by a preponderance of the evidence that the rifle, found in a pond in an area near defendant's residence, would inevitably have been discovered (*see, Nix v Williams*, 467 US 431; *People v Pounds*, 219 AD2d 879, *lv denied* 87 NY2d 850; *People v Dempsey*, 177 AD2d 1018, *lv denied* 79 NY2d 946). The police had been searching the area; the owner of the pond and other civilians frequented the pond to feed ducks; and the rifle was visible approximately 10 feet from the shore, lying in 8 to 12 inches of water. In any event, any error is harmless (*see, People v Crimmins*, 36 NY2d 230, 237).

Defendant has not preserved for our review his contention that he was compelled to wear prison clothing and handcuffs during trial (*see,* CPL 470.05 [2]), and we decline to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The third count of the indictment, charging defendant with grand larceny in the fourth degree (Penal Law § 155.30 [8]) arising from his theft of the victim's motor vehicle, was properly submitted to the jury along with the second count of the indictment, which charged defendant with grand larceny in the third degree (Penal Law § 155.35), arising from his theft of property having a value in excess of $3,000. The third count is not an inclusory concurrent count of the second count because one may steal property, other than a motor vehicle, worth more

than $3,000 without concomitantly committing the crime of grand larceny in the fourth degree under Penal Law § 155.30 (8) (*see,* CPL 300.30 [4]; 300.40; *see also, People v Alford,* 251 AD2d 1032, *lv denied* 92 NY2d 892; *People v Bacchus,* 175 AD2d 248, *lv denied* 79 NY2d 824).

The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.