■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN DUCASSE, Appellant. [710 NYS2d 93] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered December 5, 1997, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another Grand Jury (see, People v Bradley, 88 NY2d 901, 904; People v Beslanovics, 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (cf., CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

At approximately 10:30 P.M. on the evening of October 11, 1996, in an automobile repair shop located at 1516 Schenectady Avenue in Brooklyn, the defendant argued and physically grappled with Alexander Roy, a fellow worker. During the fight, the defendant struck Roy on the head with a three-foot metal

pipe or shaft. The defendant testified that in the course of their struggle, Roy had punched him hard enough to dislodge two teeth and had choked him to the point where he believed that he would not survive. The defendant further testified that after he had briefly broken free of Roy's grip, Roy grabbed his head and that he hit Roy with the pipe in order to force Roy to let go. Medical testimony established that Roy's injuries, which resulted in his death, could have been inflicted by a single blow of the metal pipe.

The defendant, who was indicted for two counts of murder in the second degree, requested that the court charge the lesser-included offenses of manslaughter in the first degree, manslaughter in the second degree, and criminally negligent homicide. The court declined to charge criminally negligent homicide on the ground that there was no reasonable view of the evidence to support the submission of the charge. The jury acquitted the defendant of murder and manslaughter in the first degree and convicted the defendant of manslaughter in the second degree. We reverse.

The crime of criminally negligent homicide is a lesser-included offense of murder in the second degree based on intentional conduct or depraved indifference, for which the defendant was indicted (see, CPL 1.20 [37]; Penal Law §§ 125.10, 125.25 [1], [2]; People v Sullivan, 68 NY2d 495, 501; People v Natal, 102 AD2d 496, 498-499, affd 66 NY2d 802).

A "lesser included offense must be charged only if, under any reasonable view of the evidence as seen in the light most favorable to defendant, the jury could find that defendant committed the lesser offense but not the greater (CPL 300.50; [see], People v Green [56 NY2d 427,] 430; People v Glover, 57 NY2d 61, 63; People v Martin, 59 NY2d 704, 705)" (People v Randolph, 81 NY2d 868, 869).

The defendant testified that he hit Roy with a pipe in order to force Roy to let go of him, that he did not aim for the head, that he lacked control over the degree of force he exerted, and that he did not realize that the blow would cause such extensive damage. Viewed in the light most favorable to the defendant (see, People v Randolph, supra), the evidence also suggested that at the time the defendant delivered what was characterized by the People's medical witness as a single blow, he had just been choked, was in fear for his life, and already had been hit hard enough to dislodge two teeth. At the time he hit Roy with the pipe, the defendant's head was in Roy's grip.

Under such circumstances, a jury would be entitled to find that the defendant reasonably failed to perceive a substantial

and unjustifiable risk that Roy would die as a consequence of the defendant's intentional action (*see,* Penal Law § 15.05 [4]; *People v Heide,* 206 AD2d 875, *affd* 84 NY2d 943). "[A] jury may properly find a lesser included offense from any portion of the defense and prosecution evidence, or from any part of the total proof" (*People v Asan,* 22 NY2d 526, 532; *see, People v Green, supra; People v Tai,* 39 NY2d 894, 895). The "court's evaluation of the persuasiveness of the evidence of guilt of the greater crime is irrelevant" (*People v Green, supra,* at 434). Accordingly, the court should have charged the lesser-included offense of criminally negligent homicide.

As the defendant was convicted only of a lesser-included offense and acquitted of the crimes with which he was charged in the indictment, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (*see, People v Bradley,* 88 NY2d 901, 904; *People v Young,* 65 NY2d 103, 110; *People v Beslanovics,* 57 NY2d 726, 727).

In view of this disposition, we do not consider the defendant's claim with respect to the alleged excessiveness of the sentence. Sullivan, J. P., S. Miller, Florio and McGinity, JJ., concur.