■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK JEFFERS, Appellant. [719 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 20, 1996, convicting him of murder in the second degree, manslaughter in the second degree, and forgery of a vehicle identification number, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of manslaughter in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the charge of manslaughter in the second degree.

The defendant, who had recently been fired from his job as a mechanic, entered a garage run by his former employer and proceeded to use a metal grinder to remove vehicle identification number plates from a vehicle, which plates were to be

mounted on a stolen vehicle. There were pools of gasoline on the floor, and a witness who was present warned the defendant as he worked about the hazards of the sparks which were flying from the metal grinder. The defendant continued to use the grinder, and the sparks ignited the gasoline, causing an explosion and fire which spread throughout the garage. A firefighter was killed trying to extinguish the blaze.

The defendant was indicted for both depraved indifference and felony murder, burglary in the second degree, and forgery of a vehicle identification number. Although the court charged the jury on manslaughter in the second degree as a lesser-included offense of depraved indifference murder, it refused to charge criminally negligent homicide as an additional lesser-included offense of depraved indifference murder.

The trial court erred in denying the defendant's request to charge criminally negligent homicide as a lesser-included offense of depraved indifference murder. To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concommitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater (*see, People v Van Norstrand,* 85 NY2d 131, 136; *People v Glover,* 57 NY2d 61, 63). The crime of criminally negligent homicide is a lesser-included offense of the second degree murder count charging depraved indifference murder, for which the defendant was indicted (*see,* CPL 1.20 [37]; Penal Law §§ 125.10, 125.25 [1], [2]; *People v Sullivan,* 68 NY2d 495, 501; *People v Natal,* 102 AD2d 496, 498-499, *affd* 66 NY2d 802; *People v Ducasse,* 273 AD2d 399). Here, upon a review of the record in the light most favorable to the defendant (*see, People v Martin,* 59 NY2d 704, 705), we conclude that there was a reasonable view of the evidence which would support a finding that the defendant negligently failed to perceive the risk of death which could result from his conduct, rather than that he perceived the risk but consciously disregarded it (*cf., People v McFadden,* 246 AD2d 558).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.