THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McCLUSKY, Appellant. [784 NYS2d 425]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, burglary in the third degree, grand larceny in the third degree, grand larceny in the fourth degree (two counts) and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]), burglary in the third degree (§ 140.20), grand larceny in the third degree (§ 155.35), two counts of grand larceny in the fourth degree (§ 155.30 [1], [8]), and petit larceny (§ 155.25). Although defendant has failed to preserve for our review his contention that the evidence is legally insufficient to support the convictions of burglary (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Page-Johnson*, 5 AD3d 990 [2004]), we nonetheless conclude that the evidence is legally sufficient to support the convictions (*see People v Daniels*, 8 AD3d 1022, 1023 [2004]; *People v Iannone*, 2 AD3d 1283 [2003], *lv denied* 2 NY3d 741 [2004]) and in particular to establish that defendant knowingly and unlawfully entered both of the premises in question with intent to commit a crime therein. We further conclude that the verdicts rendered on the burglary counts are not against the weight of the evidence (*see Daniels*, 8 AD3d at 1023-1024; *People v Maycumber*, 8 AD3d 1071, 1072 [2004]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Because it is possible to steal property worth more than $3,000 without stealing a motor vehicle (*see People v Brown*, 259 AD2d 985, 985-986 [1999], *lv denied* 93 NY2d 1014 [1999]; *see also People v Williams*, 295 AD2d 968 [2002], *lv denied* 98 NY2d 714 [2002]), we reject defendant's contention, as well as the People's erroneous concession (*see People v Berrios*, 28 NY2d 361, 366-367 [1971]; *People v Lewis*, 26 NY2d 547, 550 [1970]; *People v Dodson*, 96 AD2d 1116, 1118 n [1983]), that the court erred in refusing to submit in the alternative, as inclusory concurrent counts (*see generally* CPL 300.30 [4]; 300.40 [3] [b]), the fifth count charging grand larceny in the third degree and the sixth count charging grand larceny in the fourth degree.

Defendant has failed to preserve for our review his challenge to the legal sufficiency of the evidence of the value of the stolen property, which evidence was adduced in support of the counts charging grand larceny (*see Hines*, 97 NY2d at 61; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (*see People v Douglas*, 8 AD3d 980, 981 [2004]; *People v Jackson*, 4 AD3d 773 [2004], *lv denied* 2 NY3d 801 [2004]; *see generally* CPL 470.15 [6] [a]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.