■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP SANTIAGO, Appellant. [785 NYS2d 449]—

Judgments, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered March 14, 2002, convicting defendant of burglary in the second degree, attempted robbery in the first degree and endangering the welfare of a child, and sentencing him, as a second felony offender, to concurrent terms of five years, five years and one year, respectively, concurrent with a term of 1 to 3 years for violation of probation, unanimously affirmed.

The court erred in prohibiting defendant from introducing a police report that contained a prior inconsistent statement by one of the People's identifying witnesses as to the number of individuals who participated in the burglary, since the statement concerned the manner in which the crime was committed (*see People v Schwartzman*, 24 NY2d 241, 246 [1969] ["a fact is not a collateral matter if it could be shown in evidence for any purpose independent of the contradiction"], *cert denied* 396 US 846 [1969]). In addition, having permitted defendant to cross-examine the detective as to the witness's prior inconsistent statement concerning which of the perpetrators held the gun to her father's head, the court should not have changed its ruling after the detective testified that the witness was translating for her father but should have permitted defendant to inquire further as to the circumstances under which the witness made the inconsistent statement.

The court also erred in declining defendant's request for a falsus in uno charge, apparently on the ground that there was no evidence that any witness lied about a material fact. The falsus in uno charge states, in pertinent part: "*Should you, in the course of your deliberations, conclude that any witness has intentionally testified falsely to a material fact during the trial*, you are at liberty to disregard all of his testimony on the principle that one who testifies falsely as to one material fact may also testify falsely to other facts" (*see People v Johnson*, 225 AD2d 464, 464 [1996], quoting 1 CJI(NY) 7.06, at 276 [emphasis added]). As is reflected in this charge, credibility is within the jury's province. There is no requirement, nor any rationale for requiring, that independent evidence establish to the court's satisfaction that a witness testified falsely before the court grants a request for the falsus in uno instruction, which though not mandatory is routinely included in a standard jury charge (*id.*).

Proof of defendant's guilt was introduced through several witnesses who testified that defendant forcibly entered their apartment, held them at gunpoint, and searched for drug money he believed was there. These witnesses knew defendant very well—some of them had known him for more than 10 years— and saw him almost every day in front of the apartment building in the company of his brother and another man who was a resident of the building. We conclude that the proof of defendant's guilt was overwhelming, that there is no significant probability that, had it not been for these errors, the jury would have acquitted him, and that therefore these errors were harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]). Concur— Nardelli, J.P., Mazzarelli, Saxe, Ellerin and Lerner, JJ.