■ The People of the State of New York, Respondent, v Terrance Boyd, Appellant. [874 NYS2d 261]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Reichbach, J.), rendered November 13, 2006, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

*Ordered that the judgment is affirmed.*

The defendant was charged with murder in the second degree (intentional murder) and criminal possession of a weapon in the second degree in connection with the shooting death of Darron Powell. At trial, without objection, the Supreme Court granted the People's request to submit for the jury's consideration the lesser-included offense of manslaughter in the first degree. However, the court denied a defense request to submit the charge of manslaughter in the second degree to the jury. The jury convicted the defendant of manslaughter in the first degree and criminal possession of a weapon in the second degree. The defendant contends that the court's refusal to submit manslaughter in the second degree requires reversal. We disagree.

If it is impossible to commit an offense without, by the same conduct, concomitantly committing another offense of lesser degree, the latter is a "lesser included offense" of the former (CPL 1.20 [37]). Upon request, a court must submit a lesser-included offense if, taking the evidence in the light most favorable to the defendant, there is a reasonable view of the evidence under which the defendant committed the lesser, but not the greater, offense (*see People v Glover*, 57 NY2d 61, 63 [1982]; *People v Green*, 56 NY2d 427, 430 [1982]).

Manslaughter in the second degree—commonly described as reckless homicide—is a lesser-included offense of murder in the second degree based on intentional murder (*see People v Sullivan*, 68 NY2d 495, 501 [1986]; *People v Green*, 56 NY2d at 433; *cf. People v Butler*, 84 NY2d 627, 634 [1994]). In the context of this case, the defendant would be guilty of manslaughter in the second degree if he engaged in conduct that created or contributed to a substantial and unjustifiable risk that a death would occur, if he was aware of and consciously disregarded that risk, if the risk was of such nature and degree that disregarding it constituted a gross deviation from the standard of conduct that a reasonable person would observe in the situation, and if the risk was realized, resulting in Powell's death (*see* Penal Law § 15.05 [3]; § 125.15 [1]; *People v Licitra*, 47 NY2d 554, 558 [1979]; *People v Raymond*, 56 AD3d 1306 [2008]; *cf. People v Boutin*, 75 NY2d 692, 696 [1990]). Where, as here, the jury was not charged on the law of accessorial liability, neither the defendant's testimony that he asked a friend to bring a gun to the scene "on standby" for him, nor his claim that the

fatal shot was discharged when he attempted to prevent a different friend from shooting the deceased, gives rise to a reasonable view of the evidence under which the defendant recklessly caused Powell's death, and acted without an intent to kill or seriously injure him (*see People v Rose*, 208 AD2d 414 [1994]; *People v Hunter*, 141 AD2d 847 [1988]). Accordingly, the Supreme Court did not err in declining to submit manslaughter in the second degree to the jury for its consideration as a lesser-included offense.

The defendant's remaining contention does not warrant reversal. Fisher, J.P., Florio, Balkin and Belen, JJ., concur.