■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN D. FRICK, Appellant. [908 NYS2d 265]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Berkowitz, J.), rendered September 25, 2007, convicting him of reckless endangerment in the first degree, robbery in the second degree, grand larceny in the third degree, grand larceny in the fourth degree (two counts), petit larceny, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree (five counts), criminal possession of stolen property in the fifth degree, criminal mischief in the second degree, criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree, unlawful possession of marijuana, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of grand larceny in the fourth degree under count 6 of the indictment, petit larceny under count 8 of the indictment, and criminal possession of a controlled substance in the seventh degree under count 18 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

On the evening of August 12, 2006, the defendant approached a motor vehicle which was idling outside a convenience store in Hempstead, and falsely told the woman in the front passenger seat (hereinafter the passenger) that the vehicle's rear tire was low. When the passenger got out to investigate, the defendant jumped into the driver's seat and shut the door. The passenger jumped back into the car and, as the defendant tried to push

her out of the moving vehicle, the passenger continued to struggle with the defendant as he drove away. After driving approximately one half of a mile, the passenger succeeded in stopping the car, and the defendant jumped out. The defendant was arrested later that night after taking money and merchandise from a Dairy Barn drive-through store in Massapequa, and after leading the police on a high-speed chase through a residential area. Items found in the defendant's possession upon his arrest included cocaine, marijuana, a camcorder, DVD player, video game console, and stolen credit cards.

At trial, the defendant testified to his consumption of narcotics and alcohol prior to these events; he also testified that he was thinking clearly, was aware of what he was doing, and intended to steal the idling vehicle.

The County Court properly declined the defendant's request to charge the jury with respect to intoxication since the evidence was insufficient to conclude that a reasonable juror might find that the defendant's intent was affected by the narcotics or alcohol that he allegedly consumed prior to committing these offenses (*see People v Gaines*, 83 NY2d 925 [1994]; *People v Mc-Cray*, 56 AD3d 359 [2008]; *People v Manning*, 1 AD3d 241 [2003]; *People v Malave*, 300 AD2d 412 [2002]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the elements of robbery in the second degree (*see* Penal Law § 160.00 [1]; *People v Carr-El*, 99 NY2d 546, 547 [2002]; *People v Rumrill*, 40 AD3d 1273, 1274 [2007]).

The defendant correctly contends, and the People concede, that the conviction of grand larceny in the fourth degree under count 6 of the indictment must be dismissed as an inclusory concurrent count of grand larceny in the third degree under count 5 of the indictment, that the conviction of petit larceny under count 8 of the indictment must be dismissed as an inclusory concurrent count of grand larceny in the fourth degree under count 7 of the indictment, and that the conviction of criminal possession of a controlled substance in the seventh degree under count 18 of the indictment must be dismissed as an inclusory concurrent count of criminal possession of a controlled substance in the fifth degree under count 17 of the indictment (*see* CPL 300.40 [3] [b]).

"If it is impossible to commit an offense without, by the same conduct, concomitantly committing another offense of lesser degree, the latter is a 'lesser included offense' of the former" (*People v Boyd*, 60 AD3d 779, 780 [2009], quoting CPL 1.20

[37]). Contrary to the defendant's contention, his conviction of criminal possession of stolen property in the fourth degree under count 10 of the indictment, based on theft of a motor vehicle, is not a lesser-included offense of criminal possession of stolen property in the third degree under count 9 of the indictment, based on the defendant's possession of stolen property valued in excess of $3,000 consisting of an automobile, since it is possible to steal property worth more than $3,000 without stealing a motor vehicle (*see People v McClusky*, 12 AD3d 1174 [2004]; *People v Brown*, 259 AD2d 985 [1999]; *see also People v Bacchus*, 175 AD2d 248 [1991]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The appellant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.