■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW LOWERY, Appellant. [6 NYS3d 672]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered March 27, 2013, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

After the close of the People's case, the defendant's attorney advised the Supreme Court that he wanted to request a jury charge on the lesser-included offense of petit larceny, but that the defendant did not want this lesser-included offense submitted to the jury. After determining that the defendant did not want the lesser-included offense to be charged, despite his attorney's recommendation to the contrary, the Supreme Court

deferred to the defendant's decision, and did not submit the lesser-included offense of petit larceny to the jury. This was error, since the decision whether to seek a jury charge on a lesser-included offense is a matter of strategy and tactics which is "for the attorney, not the accused, to make" (*People v Colville*, 20 NY3d 20, 32 [2012]).

Contrary to the People's contention, the failure to submit the lesser-included offense to the jury constituted reversible error under the circumstances of this case. To be entitled to a charge on a lesser-included offense, a defendant must establish that (1) it was impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct, and (2) there is a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v James*, 11 NY3d 886, 888 [2008]; *People v Van Norstrand*, 85 NY2d 131, 136 [1995]). The crime of petit larceny is a lesser-included offense of robbery in the first degree (*see* Penal Law §§ 155.25, 160.15 [2]; *People v Mitchell*, 59 AD3d 739 [2009]; *People v Monroe*, 30 AD3d 616 [2006]). Here, upon reviewing the record in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]; *People v Jeffers*, 278 AD2d 430 [2000]), we conclude that there was a reasonable view of the evidence which would support a finding that the defendant was guilty of the lesser offense, but not the greater.

In light of our determination, the defendant's contention that the sentence imposed was excessive has been rendered academic.

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and LaSalle, JJ., concur.