People v Herrera (2018 NY Slip Op 03544)





People v Herrera


2018 NY Slip Op 03544


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-05693
 (Ind. No. 2925/14)

[*1]The People of the State of New York, respondent, 
v
Rene Herrera, appellant.


Norman A. Olch, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, John N. Ferdenzi, Tina Grillo, and Deborah Wassel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered May 6, 2016, convicting him of course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant contends that the Supreme Court unfairly curtailed defense counsel's summation by sustaining the prosecutor's objection to defense counsel's comments regarding the prosecution's expert. This contention is without merit. Defense counsel exceeded the bounds of fair comment by calling upon the jury to draw conclusions which were not fairly inferable from the evidence (see People v Ashwal, 39 NY2d 105, 109-110; People v Andrews, 131 AD2d 580, 581).
The defendant's contention that certain remarks made by the prosecutor during summation constituted reversible error is unpreserved for appellate review, since he either failed to object to the remarks at issue, or made only a general objection, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Martin, 116 AD3d 981, 982; People v Arena, 70 AD3d 1044, 1047). In any event, the challenged portions of the prosecutor's summation were fair comment on the evidence and the reasonable inferences to be drawn therefrom, were fair response to the defense counsel's summation, and were within the bounds of permissive rhetorical comment (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d at 109-110; People v Martin, 116 AD3d at 982).
The Supreme Court providently exercised its discretion in redacting a portion of a recording of a telephone call between the victim's mother and the defendant that was monitored by a detective. The court redacted the recording to exclude a comment made by the mother to the detective after the conversation with the defendant was over. Contrary to the defendant's contention, the mother's comment was not admissible as an excited utterance or a present sense impression (see People v Cantave, 21 NY3d 374, 382; People v Carroll, 95 NY2d 375, 385), or under the rule of completeness (cf. People v Torre, 42 NY2d 1036, 1037; People v Dlugash, 41 NY2d 725, 736).
Defense counsel's failure to request an intoxication charge did not amount to ineffective assistance of counsel inasmuch as this charge would have been inconsistent with the defense theory that there was no sexual contact with the victim (see People v Ackerman, 141 AD3d 948, 950; People v Pacheco, 135 AD2d 744, 745). Although the defendant could have chosen to present inconsistent defenses, such a strategic risk "is not one that the court may foist on an unwilling defendant" (People v Bradley, 88 NY2d 901, 903). As such, the Supreme Court did not err in failing to charge the jury on intoxication, sua sponte, since the defendant's theory at trial was that he did not commit the assaults (see People v Bradley, 88 NY2d at 903-904).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court