People v Cherry (2018 NY Slip Op 05190)





People v Cherry


2018 NY Slip Op 05190


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2014-10909
 (Ind. No. 182/12)

[*1]The People of the State of New York, respondent,
v
Luis A. Cherry, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered November 5, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of murder in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed, and a new trial is ordered on the count of the indictment charging the defendant with murder in the second degree.
In October 2010, the defendant killed the victim on the doorstep of the victim's residence by shooting him once in the head. The defendant later admitted to the police that he had gone to the victim's residence, armed with a loaded gun, intending to kill the victim. The defendant also told the police that after he pointed the gun at the victim, the victim grabbed the gun and the two men struggled for it. According to the defendant, the gun "went off" while the defendant was trying to pull back his hand with his finger on the trigger. The defendant said that he did not intend to pull the trigger. Although the defendant told the police that he had gone to the victim's residence only because another person had threatened to kill him and his mother if he did not kill the victim, the defendant did not raise a duress defense at trial. At trial, the Supreme Court declined the defendant's request that the charge of manslaughter in the second degree (reckless manslaughter) be submitted to the jury as a lesser included offense of murder in the second degree (intentional murder). The defendant was convicted of murder in the second degree and two counts of criminal possession of a weapon in the second degree.
On appeal, the defendant contends that the prosecutor deprived him of a fair trial by making improper comments to the jury and by introducing evidence and eliciting testimony that was irrelevant to the issues at trial and was intended only to evoke sympathy for the victim and his family. The defendant's challenges to the propriety of the prosecutor's conduct are, for the most part, unpreserved for appellate review (see CPL 470.05[2]). Moreover, contrary to the defendant's contention, the recording of a 911 call placed by a neighbor and the footage and audio from [*2]surveillance cameras outside of that neighbor's home were properly introduced into evidence. We agree, however, that the prosecutor's comments in his opening statement about the grand jury's indictment were improper. The prosecutor's comments in his opening statement about the victim and his family, which could only have been intended to evoke the jury's sympathy, were also improper (see People v Casiano, 148 AD3d 1044; People v Holiday, 142 AD3d 625, 626; People v Johnson, 3 AD3d 581, 582; People v Walters, 251 AD2d 433). Further, the prosecutor elicited certain testimony from the medical examiner and the victim's father about the victim's personal background and the victim's family that was irrelevant to the issues at trial, and was likewise intended to evoke the jury's sympathy (see People v Redd, 141 AD3d 546, 551; People v Holiday, 142 AD3d at 626; People v Royster, 43 AD3d 758, 759). Nonetheless, under the circumstances of this case, the prosecutor's improprieties did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 237, 242; People v Spigner, 153 AD3d 1289, 1290).
The defendant contends that the Supreme Court erred in denying his request to charge manslaughter in the second degree as a lesser included offense of murder in the second degree. We agree. A party seeking submission of a charge as a lesser included offense must satisfy a two-pronged inquiry (see People v Rivera, 23 NY3d 112, 120). First, the lesser offense must satisfy the legal definition of a lesser included offense: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a lesser included offense'" (CPL 1.20[37]; see People v Rivera, 23 NY3d at 120; People v Glover, 57 NY2d 61, 63; People v Lowery, 127 AD3d 1109, 1110). Second, there must be a reasonable view of the trial evidence that the defendant committed the lesser included offense, but did not commit the greater offense (see CPL 300.50[1]; People v Rivera, 23 NY3d at 120; People v Lowery, 127 AD3d at 1110). In determining whether there is a reasonable view of the evidence supporting submission of the lesser included offense, the evidence must be viewed in the light most favorable to the defendant (see People v Rivera, 23 NY3d at 120-121; People v Martin, 59 NY2d 704, 705). Here, the court should have granted the defendant's request to charge manslaughter in the second degree (reckless manslaughter) as a lesser included offense of murder in the second degree (intentional murder). Reckless manslaughter is a lesser included offense of intentional murder in the second degree (see People v Rivera, 23 NY3d at 120; People v Green, 56 NY2d 427, 433; People v Boyd, 60 AD3d 779, 780). Moreover, there is a reasonable view of the evidence that the defendant did not intentionally pull the trigger at the time the gun was fired (see People v Davis, 147 AD3d 971, 972; People v Lee, 116 AD3d 493, 495; People v Bryant, 74 AD3d 1221, 1222; People v Rivera, 184 AD2d 288, 291). Accordingly, the conviction of murder in the second degree must be vacated, and a new trial held on that count of the indictment.
The defendant's sentences on the convictions of criminal possession of a weapon in the second degree were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court