People v Barreno (2022 NY Slip Op 50290(U))

[*1]

People v Barreno (Yenson)

2022 NY Slip Op 50290(U) [74 Misc 3d 135(A)]

Decided on March 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2019-746 Q CR

The People of the State of New York,
Respondent,
against
Yenson Barreno, Appellant. 

Appellate Advocates (Ryan Miller of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Rebecca Nealon of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry M. Iannece, J.), rendered March 12, 2019. The judgment convicted defendant, upon a jury
verdict, of driving while ability impaired by the combined influence of drugs or of alcohol and
any drug or drugs, driving while ability impaired and unlicensed operation of a motor vehicle,
and imposed sentence.

ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in a prosecutor's information with operating a motor vehicle while
under the influence of drugs (Vehicle and Traffic Law § 1192 [4]) (count one), driving
while ability impaired (Vehicle and Traffic Law § 1192 [1]) (count two), and unlicensed
operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) (count three).
At a jury trial, the People introduced evidence that, on August 18, 2017, at about 3:30 a.m.,
the police responded to the scene of an accident, where defendant's vehicle had flipped onto its
passenger side, was "completely wrecked" or "totaled," and had severely damaged two other
vehicles that were "legally" parked on the street. Defendant had bloodshot and watery eyes,
slurred speech and an unsteady gait, and admitted to the arresting officer that he was driving his
vehicle and, prior thereto, had smoked marihuana. The arresting officer smelled an odor of
marihuana on defendant; another officer and an eyewitness each detected an odor of alcohol
emanating from defendant. Defendant refused to submit to a blood test at a hospital and failed
[*2]the horizontal gaze nystagmus field sobriety test, where he
exhibited all of the six clues of intoxication. After the close of proof and summations, the
Criminal Court, over defendant's objection, informed the jury that defendant was charged under
count one with driving while ability impaired by the combined influence of drugs or of alcohol
and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]), and instructed the jury on
that offense. Following the trial, the jury convicted defendant of driving while ability impaired by
the combined influence of drugs or of alcohol and any drug or drugs, driving while ability
impaired and unlicensed operation of a motor vehicle. 
CPL 100.45 (2) states that the provisions of CPL 200.70, governing amendment of
indictments, apply to prosecutor's informations. CPL 200.70 permits a court to amend an
indictment with respect to defects, errors or variances from the proof relating to matters of form,
time, place, names of persons and the like, provided that the amendment does not change the
theory of the prosecution and does not prejudice the defendant on the merits. Furthermore, it is
well established that "[a jury] charge which constructively amends an indictment in such a way as
to allow a variation in the theory of the prosecution is impermissible" (People v Buanno,
296 AD2d 600, 601 [2002] [internal quotation marks omitted]; see People v Charles, 61
NY2d 321, 329 [1984]; People v Kaminski, 58 NY2d 886, 887 [1983]; People v Tucker, 195 AD3d 1547,
1547 [2021]). 
Here, the factual portion of count one of the accusatory instrument charged defendant with
operating a motor vehicle while under the influence of drugs (see Vehicle and Traffic
Law § 1192 [4]), and defendant was arraigned on that charge. The prosecutor expressly
indicated at trial that he intended to prove defendant's guilt on that count by introducing evidence
that defendant's ability to operate his motor vehicle was impaired by the use of a drug, namely
marihuana, alone. However, the Criminal Court's jury instruction on count one—charging
the jury on an offense, to wit, violating Vehicle and Traffic Law § 1192 (4-a), that was
different from the one set forth in the accusatory instrument—impermissibly amended the
accusatory instrument to allege an uncharged offense based on a different theory of misconduct
(see People v Maneri, 22 Misc 3d 132[A], 2009 NY Slip Op 50168[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2009]). The variance between the jury instruction and the charge
as set forth in the accusatory instrument deprived defendant of fair notice of the charge upon
which he was to be tried (see People v Gachelin, 237 AD2d 300, 301 [1997]; People v Martin, 23 Misc 3d 67,
69-70 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), and it prejudiced defendant since
the jury's guilty verdict on count one could have been based on a finding that defendant's ability
to drive was impaired by the combined effects of alcohol and marihuana (see People v Gentles, 171 AD3d
471, 472 [2019]). Therefore, defendant is entitled to a new trial as to count one (see
Kaminski, 58 NY2d at 887; Gentles, 171 AD3d at 472; Gachelin, 237 AD2d
at 302; Martin, 23 Misc 3d at 70). The fact that defendant has completed his sentence
does not warrant dismissal of the charge as a matter of discretion in the interest of justice, in light
of the serious nature of the charge (see
People v Extale, 18 NY3d 690, 696 [2012]; Gentles, 171 AD3d at 472; People v Todd, 57 Misc 3d
157[A], 2017 NY Slip Op 51656[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
As defendant expressly asks that, in the event dismissal is not granted, this court affirm his [*3]conviction rather than vacate it and remand for a new trial, we
affirm the conviction of driving while ability impaired by the combined influence of drugs or of
alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]; see e.g. People v Jeudy, 153 AD3d
1203 [2017]; People v Teron,
139 AD3d 450 [2016]; People v Hough, 176 AD2d 964 [1991]; People v Vasquez, 63 Misc 3d
137[A], 2019 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; People v Mizrahi, 62 Misc 3d 139[A], 2019 NY Slip Op 50053[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]).
We note that there is no merit to defendant's contention that defendant's conviction of driving
while ability impaired (see Vehicle and Traffic Law § 1192 [1]) should be vacated
and dismissed as a lesser included offense of his conviction of driving while ability impaired by
the combined influence of drugs or of alcohol and any drug or drugs. "A crime is a lesser
included offense of a charge of a higher degree only when in all circumstances, not only in those
presented in the particular case, it is impossible to commit the greater crime without
concomitantly, by the very same conduct, committing the lesser offense" (People v Baker, 123 AD3d 1378,
1380 [2014]; see CPL 1.20 [37]; People v Repanti, 24 NY3d 706, 710 [2015]).
Contrary to defendant's contention, the offense of driving while ability impaired as charged under
count two of the accusatory instrument, which involves impairment by alcohol only, is not a
lesser included offense of driving while ability impaired by the combined influence of drugs or of
alcohol and any drug or drugs, the conviction of which does not necessarily require proof of
impairment by alcohol, since it is possible for a defendant to commit the latter offense without
also committing the former (see Vehicle and Traffic Law § 1192 [1]; [4-a]; see also People v Frick, 77 AD3d
677, 679 [2010]; People v
Poole, 41 AD3d 867, 867-868 [2007]). 
The Criminal Court did not err in precluding defendant from recalling the arresting officer to
impeach an eyewitness's credibility by contradicting the eyewitness's trial testimony that he told
the officer at the scene that he had smelled an odor of alcohol emanating from defendant. While
of constitutional dimension (see People v Carroll, 95 NY2d 375, 385 [2000]), "an
accused's right to cross-examine witnesses and present a defense is not absolute" (People v
Williams, 81 NY2d 303, 313 [1993]), and it is well settled that "trial courts have broad
discretion to keep the proceedings within manageable limits and to curtail exploration of
collateral matters" (People v Hudy, 73 NY2d 40, 56 [1988]). Even assuming that the
arresting officer would have testified upon being recalled, as he testified at a prior hearing, that
the witness did not tell him at the scene that the witness had smelled an odor of alcohol, this
testimony is not relevant to an issue that the trier of fact must decide but was offered solely to
impeach the witness's credibility on a collateral matter (see People v Enriquez, 69 Misc 3d 127[A], 2020 NY Slip Op
51123[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Gaye, 54 Misc 3d
141[A], 2017 NY Slip Op 50187[U] [App Term, 1st Dept 2017]; cf. People v Butts, 184 AD3d 660,
663 [2020]; People v Santiago, 13
AD3d 81, 82 [2004]). As defendant failed to show that the proposed testimony would
impeach the credibility of the prosecution witness on a material issue in this case, we cannot
conclude that the court erred in precluding defendant from recalling the arresting officer (cf. People v Perez, 40 AD3d 1131,
1132 [2007]). 
Defendant's contention that various comments made by the prosecutor during summation
were improper and deprived him of a fair trial is largely unpreserved for appellate review, as
defendant failed to object to most of the challenged remarks (see CPL 470.05 [2]; People v Romero, 7 NY3d 911,
912 [2006]; People v Crumell, 61
Misc 3d 154[A], 2018 NY Slip Op 51814[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]). In any event, the challenged remarks were fair comment on the evidence and the
reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or
permissible rhetorical comment (see
People v Thomas, 187 AD3d 949, 950 [2020]; People v Jagota, 178 AD3d 852, 853 [2019]).
Accordingly, the judgment of conviction is affirmed. 
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 25, 2022